UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JEREMY CASTILLO,**
**SEAN CASTILLO,**
and **BRETT KUNEMAN,**

                 Plaintiffs,              Case No.

**v.**

                                      Hon.

**I M LABOR, INC.**
and **CHRISTOPHER MURDOCK,**

                 Defendants.

---

**GOLD STAR LAW, P.C.**
**Caitlin E. Malhiot (P76606)**
**Maia Johnson Braun (P40533)**
Attorneys for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, Michigan 48084
(248) 275-5200
*cmalhiot@goldstarlaw.com*
*mjohnson@goldstarlaw.com*

---

## COMPLAINT

Plaintiffs, Jeremy Castillo, Sean Castillo, and Brett Kuneman, through their attorneys, Gold Star Law, P.C., for their Complaint state:

### PARTIES, JURISDICTION AND VENUE

1.    Plaintiff Jeremy Castillo ("J. Castillo") is an individual who resides in Roseville, Michigan.

2.      Plaintiff Sean Castillo ("S. Castillo") is an individual who resides in Utica, Michigan.

3.      Plaintiff Brett Kuneman ("Kuneman") is an individual who resides in Livonia, Michigan.

4.      Defendant I M Labor, Inc., ("I M Labor") is a Michigan corporation with its place of business in Shelby Township, Michigan.

5.      Defendant Christopher Murdock ("Murdock") is an individual regularly conducting business in Shelby Township, Michigan.

6.      This action arises under the Fair Labor Standards Act of 1938 ("FLSA") 29 U.S.C. 201, *et seq.*, the Michigan Minimum Wage Law of 1964 ("MMWL"), and the Michigan Workforce Opportunity Wage Act of 2014 ("WOWA"), and jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1367(b).

7.      Defendants reside within this judicial district and the claims asserted in the action arose within this district.  Venue is proper in this Court pursuant to 28 U.S.C. 1391(b).

## FACTUAL ALLEGATIONS

8.      Defendant I M Labor is engaged in the business of construction.

9.     Defendant Murdock is the resident agent of I M Labor and, upon information and belief, is responsible for managing its operations and setting its compensation policies.

10.     At all times relevant to this Complaint, Defendants were an enterprise covered by the FLSA, having revenue in excess of $500,000.00 annually and engaged in interstate commerce.

11.     Defendants employed J. Castillo as a foreman from approximately June, 2012 to on or about November 23, 2016.

12.     At the beginning of J. Castillo's employment with Defendants he was compensated at a rate of $18.00 per hour, which increased to a rate of $25.00 per hour by the end of his employment.

13.     Throughout his employment, J. Castillo worked an average of 50 hours per week, but sometimes he worked up to 60-70 hours per week.

14.     Defendants employed S. Castillo as a sheet metal installer from approximately June, 2014 until on or about July 5, 2016.

15.     At the beginning of S. Castillo's employment with Defendants he was compensated at a rate of $18.00 per hour, which increased to a rate of $25.00 per hour by the end of his employment.

16.     Throughout his employment, S. Castillo worked an average of at least 45 hours per week, and occasionally he worked up to 60 hours per week.

17.     Defendants employed Kuneman as a sheet metal installer from approximately April 4, 2016 until approximately December 4, 2016.

18.     Defendants compensated Kuneman at a rate of $22.00 per hour.

19.     Throughout his employment, Kuneman worked an average of at least 40 hours per week, and he often worked up to 50 or 60 hours per week.

20.     Plaintiffs were not compensated at a rate that equaled 1 ½ times their regular rates of pay for the hours they worked in excess of 40 hours per week, instead they were compensated at their regular rates for all hours worked.

21.     Plaintiffs were not, at any time during their employment with Defendants, exempt from the overtime pay requirements of the FLSA.

22.     All hours worked by Plaintiffs, including overtime hours, were worked at the direction and with the sufferance of Defendants.

23.     Defendants' violation of the FLSA was willful, with knowledge, or with reckless disregard of the statutory requirements under the FLSA.

**COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT**

24.     Plaintiffs incorporate the allegations in the foregoing paragraphs as if fully stated herein.

25.     Defendants are "employers" within the coverage of the FLSA.

26.     Plaintiffs are "employees" within the coverage of the FLSA.

4

27.     Defendants were required to compensate Plaintiffs at 1 ½ times their regular rates of pay for hours worked in excess of 40 per week.

28.     Defendants violated the FLSA by failing to compensate Plaintiffs at 1 ½ times their regular rates of pay for hours worked in excess of 40 per week.

29.     Defendants' violation of the FLSA was willful, with knowledge or reckless disregard of the statutory requirements under the FLSA.

30.     The difference between the amounts actually paid to Plaintiffs for the hours they worked and the amounts that they would have been paid but for Defendants' violation of the FLSA is in excess of $25,000.00

31.     Pursuant to Section 216(b) of the FLSA, Defendants are liable to Plaintiffs for their unpaid wages, plus an additional equal amount as liquidated damages, together with reasonable attorney fees and costs.

## COUNT II - VIOLATION OF THE MINIMUM WAGE LAW OF 1964 AND THE WORKFORCE OPPORTUNITY WAGE ACT

32.     Plaintiffs incorporate the allegations in the foregoing paragraphs of this Complaint as if fully stated herein.

33.     Plaintiffs are "employees" within the coverage of the MMWL and the WOWA.

34.     Defendants are "employers" within the coverage of the MMWL and the WOWA.

5

35.    Pursuant to the MMWL and the WOWA, Defendants are required to pay Plaintiffs at a rate of 1 ½ times their regular rates of pay for all hours worked in excess of 40 hours in a week.

36.    Defendants failed to pay Plaintiffs at least 1 ½ times their regular rates of pay for all hours worked in excess of 40 hours per week, in violation of Section 4a of the MMWL and Section 4a of the WOWA.

37.    Pursuant to Section 13 of the MMWL and Section 9 of the WOWA, an employer who violates the MMWL or the WOWA is liable to the employee for the difference between the amount paid to the employee and the amount that, but for the violation, would have been paid, plus an additional equal amount as liquidated damages and reasonable attorney fees.

38.    The difference between the amounts actually paid to Plaintiffs for the hours they worked and the amounts that they would have been paid but for Defendants' violation of the MMWL and the WOWA is in excess of $25,000.00.

39.    The amount of liquidated damages to which Plaintiffs are entitled for Defendants' violation of the MMWL and the WOWA is in excess of $25,000.00.

**WHEREFORE**, Plaintiffs request that this Court award them their actual unpaid overtime wages, an equal amount as liquidated damages, their reasonable costs and attorney fees, and such other relief as this Court deems appropriate.

6

Respectfully submitted,

**GOLD STAR LAW, P.C.**

*/s/ Caitlin E. Malhiot*
**Caitlin E. Malhiot (P76606)**
Attorney for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, Michigan 48084
(248) 275-5200
*cmalhiot@goldstarlaw.com*

Dated: February 1, 2017

7